IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| LARA E. GILL | PLAINTIFF |
| v. | Cause No. 3:16cv654HTW-LRA |
| CITY OF JACKSON, MISSISSIPPI, AND AND UNKNOWN JOHN/JANE DOES 1-5 | DEFENDANTS |

## COMPLAINT

This is an action to recover actual and punitive damages for violations of Plaintiff's constitutional/civil rights as set forth more specifically herein. This is also an action to recover actual and punitive damages for race discrimination, racial harassment, retaliation, and violation of Plaintiff's First Amendment rights, violation of Plaintiff's Due Process rights, and violations of Constitutional rights enjoyed by the Plaintiff. The following supports this action:

### Parties

1.  Plaintiff, LARA E. GILL ("Gill"), is an adult resident citizen of Hinds County, Mississippi, residing at 259 Melrose Drive, Jackson, Mississippi, 39211.

2.  Defendant, CITY OF JACKSON, MISSISSIPPI ("City"), is a political subdivision of the State of Mississippi. The City is sued for its official policy acts of the City Attorney, the City Attorney's Office, and other City Administrative and Executive Departments. The City may be served with process by personal service upon the City Clerk, Kristi Moore, at 219 South President Street, Jackson, Mississippi 39205-0017.

3. Defendants, JOHN/JANE DOES 1-5 are unknown persons and/or entities who participated in the violations of Plaintiff's Constitutional and/or statutory rights. Plaintiff reserves the right to amend her Complaint to add these additional persons and/or entities as parties as may be necessary pursuant to the Federal Rules of Civil Procedure and other applicable authority.

### Jurisdiction and Venue

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, as amended. This action is authorized by 42 U.S.C.A § 1983. This Court has supplemental jurisdiction over any state law claims.

### Facts

5. The genesis of this matter is the unwarranted transfer/demotion and termination in 3 days' time of a five-year civil service protected employee by the Defendants.

6. Gill was employed by the City of Jackson, Mississippi, as a Deputy City Attorney II, from approximately July 2008 through December 2014, until her wrongful transfer/demotion and termination in 2014.

7. During Gill's tenure as a Deputy City Attorney II for the Defendants, Gill was assigned to the Litigation Division at the Office of the City Attorney.

8. Gill, as a Deputy City Attorney II for the Defendants, handled a variety of litigation matters, in State and Federal Courts.

9. The last two Performance Appraisals given to Gill by the Defendants rated Gill's performance as either "excellent" or "achieves requirements."

10. Beginning in approximately May of 2014, Gill questioned the City Attorney's use of municipal resources, and the City Attorney's practices, policies and procedures.

11. In approximately October of 2014, the City Attorney advised attorneys in the Litigation Division during attorney litigation meetings that the Legal Budget had been drastically cut and that the City Attorney could not afford to hire any new attorneys or legal staff.

12. Despite the City Attorney's representations to the attorneys in the Litigation Division during attorney litigation meetings that the Legal Budget had been drastically cut, and on November 5, 2014, the City advertised and requested applications for a Deputy City Attorney position.

13. In mid-to-late November of 2014, the City Attorney notified Gill and other attorneys at the City Attorney's Office of a "restructuring" of the City Attorney's Office.

14. During this time, Gill was notified that she was being reassigned from the Litigation Division to municipal court and/or the Prosecutor's office as part of the "restructuring."

15. Gill questioned her transfer, and again questioned the City Attorney's use of municipal resources, practices, policies and procedures.

16. Gill questioned her transfer because Gill was the most qualified litigator and was being transferred to an area where she had no experience.

17. Gill also questioned her transfer because African American deputy city attorneys with less litigation experience than Gill but municipal court experience were not transferred.

18. Gill was advised that she couldn't question the City Attorney's decision; at no point did the City Attorney provide an explanation worthy of credence for explaining the basis for Gill's reassignment.

19. The first day that Gill went to the Prosecutor's office to begin her "reassignment" work, Gill was unable to access her old office located at the City Attorney's Office. Gill was later advised that the City Attorney had the locks changed to the doors to where Gill's old office was

located, and further advised that the locks being changed was a "new policy" the City Attorney had instituted.

20. On December 2, 2014, approximately two days after Gill presented herself to work at the prosecutor's office, Gill received a memo from the City Attorney making various allegations against Gill and requesting Gill to respond in less than 24 hours. Gill requested additional time from the City Attorney to respond to the December 2, 2014 Memo, but was refused. Gill responded to City Attorney's December 2, 2014 Memo the best she could within the limited time she was provided.

21. One day later, and on December 3, 2014, Gill received an intent to terminate letter from the City Attorney, and was placed on administrative leave with pay.

22. Gill requested review of her termination with the disciplinary action review committee (DARC) for the City.

23. Gill was given a pre-termination hearing before the DARC on December 16, 2014, and terminated that very same day.

24. In January of 2015, the Defendants unlawfully denied Gill benefits under COBRA.

25. Defendants violated Gill's First Amendment rights of free speech, discriminated against Gill because of her race, racially harassed Gill, retaliated against Gill, wrongfully transferred/demoted and terminated Gill because she (a) is Caucasian; (b) because Gill expressed speech opposing the waste/misuse of municipal resources, (c) because Gill expressed speech opposing violations from the City Attorney's Office's legal practices, policies and procedures, and (d) because Gill opposed other discriminatory/illegal conduct by the Defendants.

26. After Gill was terminated, Gill filed for unemployment benefits with the Mississippi Department of Employment Security ("MDES").

27. On April 7, 2015, a MDES Administrative Law Judge conducted a hearing on Gill's receipt of employment benefits.

28. On April 17, 2015, the MDES Administrative Law Judge issued his decision, addressing the City Attorney's Office's five purported reasons for termination, and found that the City Attorney's Office failed to prove by clear and convincing evidence that Gill was guilty of misconduct warranting termination.

29. The MDES Administrative Law Judge, on April 17, 2015, properly determined that: a.) the City failed to provide substantial, clear and convincing evidence showing misconduct by Gill for any of the City's five allegations; b.) Claimant Gill provided substantial evidence and testimony deflecting each of the City's five allegations of purported misconduct; c.) the decision of the MDES claims adjustor was in error; d.) the decision of the MDES claims adjustor should be reversed; f.) if eligible, Gill was entitled to receipt of benefits based on the manner of the job separation, and g.) the City was required to reimburse its proportionate share of benefits which may be paid to Gill based on this issue. *See* Exhibit "1."

30. The Defendants appealed the April 17, 2015 decision of the MDES Administrative Law Judge to the MDES Board of Review.

31. The MDES Board of Review denied Defendants' appeal on May 30, 2015. *See* Exhibit "2."

32. The Defendants appealed the MDES Review Board/Commission's decision to the Hinds County Circuit Court, First Judicial District.[1]

33. The Hinds County Circuit Court for the First Judicial District of Hinds County, Mississippi, denied the Defendants' appeal. *See* Exhibit "3."

---

[1] *City of Jackson, Mississippi v. Mississippi Department of Employment Security and Lara E. Gill,* In the Circuit Court of the First Judicial District of Hinds County, Mississippi, Cause No. 251-15-309.

5

34. The Defendants failed to appeal the decision of the Hinds County Circuit Court for the First Judicial District, Cause No. 251-15-309.

35. Plaintiff filed an EEOC charge on April 21, 2015, and received a Right-To-Sue Letter on May 26, 2016. *See* Exhibit "4."

36. Plaintiff has suffered mental anxiety and stress as a result of the Defendants' actions.

37. Plaintiff seeks damages for lost income, mental anxiety and stress against the Defendants for:

    A. Race discrimination, race harassment and retaliation under Title VII and 42 U.S.C. § 1981;

    B. Violation of Plaintiff's First Amendment Rights;

    C. Violation of Plaintiff's Due Process Rights;

    D. Violation of Plaintiff's COBRA insurance rights, and

    E. Violations of other statutory and Constitutional rights of Plaintiff.

38. Plaintiff seeks punitive damages against Unknown John/Jane Does 1-5 because their actions were willful, intentional, malicious and without authority under law.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against individual Defendant(s), and actual damages against the City in an amount to be determined by a jury. Plaintiff also requests reasonable attorneys' fees, costs, expenses and any other monetary or other relief to which she is entitled.

THIS, the 24th day of August, 2016.

                                  Respectfully submitted,

                                  **LARA E. GILL**

                                  By: /s/ Lara E. Gill
                                          Lara E. Gill

Of Counsel:

Lara E. Gill, MBN 100061
259 Melrose Drive
Jackson, Mississippi 39211
legill@comcast.net